CARL E. ROSTAD
RYAN G. WELDON
Assistant U.S. Attorneys
U.S. Attorney's Office
P.O. Box 3447
Great Falls, Montana 59403-3447
Direct Line:   (406) 771-2001
Phone:        (406) 761-7715
FAX:          (406) 453-9973
Email:        Carl.Rostad@usdoj.gov
              Ryan.Weldon@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

**FILED**

SEP 18 2015

Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NEAL PAUL ROSETTE, and<br>BILLI ANNE RAINING BIRD MORSETTE,<br><br>Defendants. | CR 15- 61 -GF-BMM<br><br>INDICTMENT<br><br>CONSPIRACY TO DEFRAUD THE CHIPPEWA CREE TRIBE (Count I)<br>Title 18 U.S.C. § 371<br>(Penalty: Five years imprisonment, $250,000 fine, and three years supervised release)<br><br>SCHEME TO DEFRAUD THE CHIPPEWA CREE TRIBE/WIRE (Count II)<br>Title 18 U.S.C. § 1343<br>(Penalty: 20 years imprisonment, $250,000 fine, and three years supervised release)<br><br>BRIBERY/ACCEPTING (Counts III, IV)<br>Title 18 U.S.C. §§ 666(a)(1)(B), 2<br>(Penalty: Ten years imprisonment, $250,000 fine, and three years of supervised release) |
|---|---|

|   | INCOME TAX EVASION (Count V)<br>Title 26 U.S.C. § 7201<br>(Penalty: Five years imprisonment, $100,000 fine, costs of prosecution, and three years supervised release)<br><br>WILLFUL FAILURE TO FILE TAX RETURN (Counts VI-XII)<br>Title 26 U.S.C. § 7203<br>(Penalty: One year imprisonment, $25,000 fine, costs of prosecution, and one year supervised release) |
|---|---|

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment:

1. The Chippewa Cree Tribe of the Rocky Boy's Indian Reservation was a federally recognized tribe located in north central Montana whose affairs were governed by the Chippewa Cree Business Committee and whose government was located at Box Elder, Montana.

2. During the period of the indictment, the Chippewa Cree Tribe received millions of dollars, per calendar year and per fiscal year, from the United States government, including, but not limited to, the U.S. Departments of Interior, Health and Human Services, Education and Agriculture, and the Environmental Protection Agency.

3. In or about May of 2010, officials of the Chippewa Cree Tribe, including members of the Chippewa Cree Business Committee, created First

American Capital Resources, LLC (FACR) as a limited liability company wholly-owned by the Tribe, with their headquarters and principal place of business located in Box Elder, Montana, to provide a pay-day, on-line lending platform which, using tribal sovereignty, could be exempt from state laws and regulations regarding usury and predatory lending practices.

4.  In or about May of 2010, the Chippewa Cree Business Committee created an oversight board for on-line lending operations chaired by John Chance Houle.

5.  On March 11, 2011, the Tribe founded Plain Green, LLC (Plain Green), a successor entity to FACR, as a limited liability company wholly-owned by the Tribe, with its headquarters and its principal place of business located in Box Elder, Montana, as another lending enterprise to provide a pay-day, on-line lending platform which, using tribal sovereignty, could be exempt from state laws and regulations regarding usury and predatory lending practices.

6.  At all times relevant hereto, until January 2012, the defendant, NEAL PAUL ROSETTE, served as the Chief Executive Officer (CEO) for FACR and, subsequently, as the CEO for Plain Green.

7.  At all times relevant hereto, the defendant, BILLI ANNE RAINING BIRD MORSETTE, was the Chief Operating Officer (COO) for FACR and,

3

subsequently, the COO for Plain Green, and, after January 2012, served as both the CEO and COO for both entities.

8.  At all times relevant hereto, the enterprise known as Ideal Consulting, LLC (Ideal Consulting) was a shell company created and controlled by James Eastlick, Jr., NEAL PAUL ROSETTE and BILLI ANNE RAINING BIRD MORSETTE.

9.  At all times relevant hereto Encore Service Corporation, LLC (Encore) and Encore Services, LLC (Encore Services) were Las Vegas, Nevada, entities doing business with the Chippewa Cree Tribe, and its subsidiary businesses, FACR and Plain Green, to provide services in support of the internet lending program on the Rocky Boy's Indian Reservation.

## COUNT I
## THE CONSPIRACY

That from June 1, 2011 through July 10, 2013, in the State and District of Montana, and other places, the defendants, NEAL PAUL ROSETTE and BILLI ANNE RAINING BIRD MORSETTE, with each other and with James Eastlick, Jr., John Chance Houle, Bruce Sunchild, Shad James Huston, and others to the Grand Jury both known and unknown, did knowingly and intentionally conspire, confederate and agree to commit an offense against the laws of the United States, that is, having devised and intending to devise a scheme and artifice to defraud and

to obtain monies by means of false and fraudulent pretenses, representations and promises, transmitted and caused to be transmitted in interstate commerce from Box Elder, in the State of Montana, to Las Vegas, in the State of Nevada, by wire, writings, signs and signals for the purpose of executing the scheme and artifice to defraud, in violation of 18 U.S.C. § 1343.

## OBJECT OF THE CONSPIRACY

An objective of the conspiracy was to extract monies and funds from the Chippewa Cree Tribe and Plain Green by means of false and fraudulent documents and contracts, and thereafter use fraudulent invoices to Encore Services to divert a portion of tribal revenues to NEAL PAUL ROSETTE, BILLI ANNE RAINING BIRD MORSETTE, and James Eastlick, Jr.

It was further an object of the conspiracy that, once a revenue stream was diverted to Encore Services, the conspirators would create and use shell companies, Ideal Consulting, LLC, and Trio Consulting, LLC, to obtain money from Encore Services for the personal benefit of NEAL PAUL ROSETTE and BILLI ANNE RAINING BIRD MORSETTE, James Eastlick, Jr., and others, based upon false and fraudulent writings and invoices which billed for services never rendered.

## OVERT ACTS

In furtherance of the conspiracy, and to affect the objects thereof, the conspirators committed, among others, the following overt acts.

1. On or about May 4, 2011, the conspirators, being John Chance Houle and NEAL PAUL ROSETTE and others, agreed to and executed a revised management agreement with Encore, purporting to supersede an earlier agreement dated October 22, 2010, to grant Encore rights to participate financially in any tribal internet lending venture regardless of whether Encore was a participating partner in the actual lending enterprise.

2. In June and July, 2011, the conspirators, being John Chance Houle and NEAL PAUL ROSETTE and others, agreed to and executed a "fee agreement" which committed a percentage of the revenue generated by and owed to Plain Green to Encore.

3. In July, 2011, John Chance Houle received a payment of $145,874 from Plain Green.

4. On or about August 2, 2011, NEAL PAUL ROSETTE registered as the agent for Ideal Consulting, LLC, with the State of Montana, Secretary of State's Office.

5. On or about August 3, 2011, NEAL PAUL ROSETTE and BILLI ANNE RAINING BIRD MORSETTE wired and caused to be wired $93,800 to Encore's corporate bank account in Las Vegas, Nevada.

6. On or about August 3, 2011, James Eastlick, Jr., NEAL PAUL ROSETTE and BILLI ANNE RAINING BIRD MORSETTE, on behalf of Ideal Consulting, submitted an invoice for "5% consulting fees" to Encore Services for the payment of $50,652.40, and, on August 5, 2011, received that amount by means of a wire transfer into a bank account at Wells Fargo Bank in the name Ideal Consulting, LLC.

7. Between on or about August 1, 2011, and continuing thereafter until on or about July 10, 2013, NEAL PAUL ROSETTE and BILLI ANNE RAINING BIRD MORSETTE, as tribal employees managing the tribe's Plain Green interests, made regular payments to Encore Services from tribal revenues obtained from the operation of an internet lending operation.

8. Between on or about August 1, 2011, and continuing thereafter until on or about July 10, 2013, James Eastlick, Jr., then representing Ideal Consulting, submitted invoices for "consulting fees" to Encore knowing that Ideal Consulting had not provided any services to Encore that would entitle Ideal Consulting to the monies demanded of Encore.

9. Between July 2011 and July 2013, NEAL PAUL ROSETTE or BILLI ANNE RAINING BIRD MORSETTE, or both acting in concert, provided approximately $3.5 million in tribal funds to Encore Services.

10. Between August 2011 and July 2013, NEAL PAUL ROSETTE, BILLI ANNE RAINING BIRD MORSETTE, and James Eastlick, Jr., using the alias entity Ideal Consulting, received and apportioned among themselves over $1.2 million in payments from Encore Services.

All in violation of 18 U.S.C. § 371.

## COUNT II

Between on or about August 1, 2011, and continuing thereafter until on or about July 10, 2013, at Box Elder and Havre, in the State and District of Montana, and other places, the defendants, NEAL PAUL ROSETTE and BILLI ANNE RAINING BIRD MORSETTE, together with James Eastlick, Jr., and others, having devised and intending to devise a material scheme and artifice to defraud the Chippewa Cree Tribe, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice, and attempting to do so, did knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice.

## THE SCHEME TO EMBEZZLE TRIBAL FUNDS
## THROUGH A THIRD PARTY VENDOR

During the period of the Indictment, it was part of the scheme and artifice to defraud the Chippewa Cree Tribe, that the defendants, NEAL PAUL ROSETTE and BILLI ANNE RAINING BIRD MORSETTE, as agents of the Chippewa Cree Tribe and its internet lending businesses, FACR and Plain Green, would insure that Encore would receive a certain portion of the revenues generated by that business.

It was further part of the scheme and artifice to defraud the Chippewa Cree Tribe, that James Eastlick, Jr., as a representative of Ideal Consulting, invoice Encore for fraudulent services to divert a portion of the tribal revenues paid to Encore to the personal use, benefit, and enrichment of the defendants, NEAL PAUL ROSETTE and BILLI ANNE RAINING BIRD MORSETTE, and James Eastlick, Jr.

## THE INTERSTATE WIRE COMMUNICATIONS

During the period of the Indictment, the defendants, NEAL PAUL ROSETTE and BILLI ANNE RAINING BIRD MORSETTE, together with James Eastlick, Jr., having devised and intending to devise a material scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, as described herein, for the purpose of executing the scheme to defraud, did transmit and cause to be transmitted by means of wire

communication affecting interstate commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, that is, emails and wire funds transfers, to and from Havre, in the State of Montana, to and from Las Vegas, in the State of Nevada, in violation of 18 U.S.C. § 1343.

## COUNT III

Between on or about August 1, 2011, and continuing thereafter until on or about January 24, 2012, at Box Elder and Havre, in the State and District of Montana, and other places, the defendant, NEAL PAUL ROSETTE , being an agent of an Indian tribal government, that is, the Chief Executive Officer of Plain Green, LLC, a tribally created and controlled corporate enterprise of the Chippewa Cree Business Committee of the Chippewa Cree Tribe, an agency of Indian tribal government, with the intent to be influenced and rewarded in connection with a transaction and series of transactions of Plain Green, LLC, of a value of $5,000 or more, that is, the defendant, NEAL PAUL ROSETTE, having provided Encore with tribal revenues related to the internet lending enterprise, Plain Green, solicited, received, and accepted kick-back payments using false and fraudulent invoices in the name of Ideal Consulting, in violation of 18 U.S.C. § 666(a)(1)(B).

## COUNT IV

Between on or about August 1, 2011, and continuing thereafter until on or about July 10, 2013, at Box Elder and Havre, in the State and District of Montana,

and other places, the defendant, BILLI ANNE RAINING BIRD MORSETTE, then the Chief Operating Officer, and, after January 2012 also the Chief Executive Officer of Plain Green, LLC, a tribally created and controlled corporate enterprise of the Chippewa Cree Business Committee of the Chippewa Cree Tribe, an agency of Indian tribal government with the intent to be influenced and rewarded in connection with a transaction and series of transactions of Plain Green, LLC, of a value of $5,000 or more, that is, the defendant, BILLI ANNE RAINING BIRD MORSETTE, having provided Encore with tribal revenues related to the internet lending enterprise, Plain Green, solicited, received, and accepted kick-back payments using false and fraudulent invoices in the name of Ideal Consulting, in violation of 18 U.S.C. § 666(a)(1)(B).

## COUNT V

That on or about March 4, 2011, in the District of Montana, the defendant, NEAL PAUL ROSETTE, a resident of Box Elder, Montana, did willfully attempt to evade and defeat a large part of the income tax due and owing by him for the calendar year 2010 by preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent U.S. Individual Income Tax Return, Form 1040, which was filed with the Internal Revenue Service, that is, in that false return, NEAL PAUL ROSETTE stated that his taxable income for the calendar year 2010 was the sum of $123,472, and that the amount of tax due and owing thereon

was the sum of $24,577, when in truth and in fact, as he then and there knew, his taxable income for the calendar year was the sum of $205,059, upon which taxable income there was owing to the United States of America an income tax of $48,933, in violation of 26 U.S.C. § 7201.

## COUNT VI

That during the calendar year 2011, the defendant, NEAL PAUL ROSETTE, who was a resident of Box Elder, Montana, had and received gross income of $240,010, and by reason of such gross income, he was required by law, following the close of the calendar year 2011, and on or before October 15, 2012, to make an income tax return to the Internal Revenue Service stating specifically the items of his gross income and any deductions and credits to which he was entitled, and well knowing and believing all of the foregoing, the defendant, NEAL PAUL ROSETTE, did willfully fail, on or about October 15, 2012, in the District of Montana and elsewhere, to make an income tax return, in violation of 26 U.S.C.§ 7203.

## COUNT VII

That during the calendar year 2012, the defendant, NEAL PAUL ROSETTE, who was a resident of Box Elder, Montana, had and received gross income of $409,803, and by reason of such gross income, he was required by law, following the close of the calendar year 2012, and on or before October 15, 2013, to make an income tax return to the Internal Revenue Service stating specifically the items of his

gross income and any deductions and credits to which he was entitled, and well knowing and believing all of the foregoing, the defendant, NEAL PAUL ROSETTE, did willfully fail, on or about October 15, 2013, in the District of Montana and elsewhere, to make an income tax return, in violation of 26 U.S.C. § 7203.

## COUNT VIII

That during the calendar year 2013, the defendant, NEAL PAUL ROSETTE, who was a resident of Box Elder, Montana, had and received gross income of $222,047, and by reason of such gross income, he was required by law, following the close of the calendar year 2013, and on or before October 15, 2014, to make an income tax return to the Internal Revenue Service stating specifically the items of his gross income and any deductions and credits to which he was entitled, and well knowing and believing all of the foregoing, the defendant, NEAL PAUL ROSETTE, did willfully fail, on or about October 15, 2014, in the District of Montana and elsewhere, to make an income tax return, in violation of 26 U.S.C. § 7203.

## COUNT IX

That during the calendar year 2010, the defendant, BILLI ANNE RAINING BIRD MORSETTE, who was a resident of Box Elder, Montana, had and received gross income of $100,514, and by reason of such gross income, she was required by law, following the close of the calendar year 2010, and on or before April 15, 2011, to make an income tax return to the Internal Revenue Service stating specifically the

items of her gross income and any deductions and credits to which she was entitled, and well knowing and believing all of the foregoing, the defendant, BILLI ANNE RAINING BIRD MORSETTE, did willfully fail, on or about April 15, 2011, in the District of Montana and elsewhere, to make an income tax return, in violation of 26 U.S.C.§ 7203.

## COUNT X

That during the calendar year 2011, the defendant, BILLI ANNE RAINING BIRD MORSETTE, who was a resident of Box Elder, Montana, had and received gross income of $166,589, and by reason of such gross income, she was required by law, following the close of the calendar year 2011, and on or before October 15, 2012, to make an income tax return to the Internal Revenue Service stating specifically the items of her gross income and any deductions and credits to which she was entitled, and well knowing and believing all of the foregoing, the defendant, BILLI ANNE RAINING BIRD MORSETTE, did willfully fail, on or about, October 15, 2012, in the District of Montana and elsewhere, to make an income tax return, in violation of 26 U.S.C.§ 7203.

## COUNT XI

That during the calendar year 2012, the defendant, BILLI ANNE RAINING BIRD MORSETTE, who was a resident of Box Elder, Montana, had and received gross income of $397,000, and by reason of such gross income, she was required by

law, following the close of the calendar year 2012, and on or before October 15, 2013, to make an income tax return to the Internal Revenue Service stating specifically the items of her gross income and any deductions and credits to which she was entitled, and well knowing and believing all of the foregoing, the defendant, BILLI ANNE RAINING BIRD MORSETTE, did willfully fail, on or about October 15, 2013, in the District of Montana and elsewhere, to make an income tax return, in violation of 26 U.S.C. § 7203.

## COUNT XII

That during the calendar year 2013, the defendant, BILLI ANNE RAINING BIRD MORSETTE, who was a resident of Box Elder, Montana, had and received gross income of $247,959, and by reason of such gross income, she was required by law, following the close of the calendar year 2013 and on or before October 15, 2014, to make an income tax return to the Internal Revenue Service stating specifically the items of her gross income and any deductions and credits to which she was entitled, and well knowing and believing all of the foregoing, the defendant, BILLI ANNE RAINING BIRD MORSETTE, did willfully fail, on or about October 15, 2014, in the District of Montana and elsewhere, to make an income tax return, in violation of 26 U.S.C. § 7203.

A TRUE BILL.

Foreperson signature redacted. Original document filed under seal.

_____
MICHAEL W. COTTER
United States Attorney

_____
JOSEPH E. THAGGARD
Criminal Chief Assistant U.S. Attorney

Crim. Summons: X (Neal Paul Rosette)
Warrant: X (Bill Anne Raining Bird Morsette)
Bail: _____