**CARL E. ROSTAD**
**RYAN G. WELDON**
**Assistant U.S. Attorneys**
**U.S. Attorney's Office**
**P.O. Box 3447**
**Great Falls, Montana 59403-3447**
**Direct Line:  (406) 771-2001**
**Phone:  (406) 761-7715**
**FAX:      (406) 453-9973**
**Email:      Carl.Rostad@usdoj.gov**
**Ryan.Weldon@usdoj.gov**

# FILED

NOV 1 2 2015

Clerk, U.S District Court
District Of Montana
Great Falls

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 15-61-GF-BMM** |
| **Plaintiff,** | |
| **vs.** | **PLEA AGREEMENT** |
| **BILLI ANNE RAINING BIRD MORSETTE,** | **(Rule 11 (c)(1)(A), (B),** *Federal Rules of Criminal Procedure*) |
| **Defendant.** | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States of America, by Carl E. Rostad, Assistant United States Attorney for the

CER      BAM      EJL      Date

1

District of Montana, and the defendant, Billi Anne Raining Bird Morsette, and her

attorney, E. June Lord, have agreed upon the following:

1.    **Scope**:   This plea agreement is between the United States Attorney's

Office for the District of Montana and defendant.   It does not bind any other federal,

state or local prosecuting, administrative or regulatory authority, or the United States

Probation Office.

2.    **Charges**:    The defendant agrees to plead guilty to Counts IV and XI

of the Indictment which charges the crimes of Accepting Bribes by a Tribal

Government Official, in violation of 18 U.S.C. § 666(a)(2), and Willful Failure to

File Income Tax Rerturns, in violation of 26 U.S.C. § 7203.   The offense charged in

Count III of the Indictment carries a maximum punishment of ten years

imprisonment, a $250,000 fine, three years supervised release, and a $100 special

assessment. The offense charged in Count XI of the Indictment carries a maximum

punishment of one year imprisonment, a $25,000 fine, costs of prosecution, one year

of supervised release, and a $25 special assessment.

Restitution for Count IV is mandatory [18 U.S.C. §3663A(a)(1) and

(c)(1)(A)(ii)] and will be fixed at $1,200,000 to be paid to the Chippewa Cree Tribe,

CER        BAM       EJL        Date

2

by agreement of the parties. 18 U.S.C. § 3663(a)(3). Restitution to the Internal Revenue Service on Count XI is stipulated and agreed to be $165,253, and the defendant agrees to the payment of such tax restitution pursuant to 18 U.S.C. §3663(a)(3).

3.      **Nature of the Agreement:**   The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by:

Rules 11(c)(1)(A)&(B), *Federal Rules of Criminal Procedure*.   The defendant acknowledges that the agreement will be fulfilled provided the United States (*a*) moves to dismiss, and the Court agrees to dismiss Counts I, II, IX, X, and XII of the Indictment on file herein, (*b*) agrees not to pursue other charges against the defendant—other than those in Count I of *United States v. Neal Paul Rosette and Billi Anne Raining Bird Morsette*, CR-15-40-GF-BMM, charging the defendant with Conspiracy to Commit Theft from an Indian Tribal Organization, in violation of 18 U.S.C. § 1163—arising out of financial transactions with the Chippewa Cree Tribe, or any agent, official, or employee of the Chippewa Cree Tribe, or any of its subsidiary organization.

$$\underset{\text{CER}}{\text{(\textit{signature})}} \quad \underset{\text{BAM}}{\text{(\textit{signature})}} \quad \underset{\text{EJL}}{\text{(\textit{signature})}} \quad \underset{\text{Date}}{11/9/15}$$

3

The defendant understands that if the agreement is accepted by the Court there will not be an automatic right to withdraw the plea.    The parties acknowledge that the Court is not bound by the recommendations of the parties and that the failure to follow such recommendations does not invalidate the plea agreement.

**Interdependence of Plea Agreements:** The defendant acknowledges that the agreement she has reached with the United States in this cause is one part of a larger disposition of multiple cases, both charged and uncharged, and by agreements reached in this case and in *United States v. Neal Paul Rosette and Billi Anne Raining Bird Morsette*, CR-15-40-GF-BMM.    This agreement is conditioned upon both agreements being accepted by the Court and concluded without the withdrawal from any of the agreements by the defendant.    The defendant understands, therefore, that if she withdraws from either of the agreements, or the Court rejects either agreement, both agreements will become null and void.

4.      **Admission of Guilt:**   The defendant will plead guilty because she is in fact guilty of the charge contained in Count I of the Indictment.    In pleading guilty, the defendant acknowledges that:

CER      BAM      EJL      Date

4

## Accepting a Bribe by a Tribal Official/Federal Program
## Title 18 U.S.C. § 666(a)(1)

**First**, that Billi Anne Raining Bird Morsette was an agent of an Indian tribal government receiving more than $10,000 under any federal program, subsidy, grant, contract or other form of federal assistance;

**Second**, that Billi Anne Raining Bird Morsette accepted and agreed to accept something of value;

**Third**, that Billi Anne Raining Bird Morsette intended to be influenced or rewarded in connection with some business, transaction or series of transactions with the Indian tribal government;

**Fourth**, that the transaction or series of transactions with the Indian tribal government involved a value of $5,000 or more; and

**Fifth**, that Billi Anne Raining Bird Morsette did so corruptly.

## Willful Failure to File Income Tax Return
## Title 26 U.S.C. § 7203

**First**, the defendant owed taxes and was required to file a return for the calendar year ending December 31, 2012;

**Second**, the defendant failed to file an income tax return by October 15, 2013, as required by Title 26 of the United States Code; and

**Third**, in failing to do so, the defendant acted willfully.

CER    BAM    EJL    11/9/15
                                    Date

5.   **Waiver of Rights by Plea**:

(a)   The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(b)   The defendant has the right to a jury trial unless the defendant, by written waiver, consents to a non-jury trial.   The government must also consent and the court must approve a non-jury trial.

(c)   The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(d)   If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random.   The defendant and her defense attorneys would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.   The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.   The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless,



CER      BAM      EJL      Date

6

after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(e)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(f)     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant.   The defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them.   In turn, the defendant could present witnesses and other evidence on the defendant's own behalf.   If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the court.

(g)     At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from her refusal to testify.   Or the defendant could exercise the choice to testify on her own behalf.

CER     BAM     EJL     Date 11/9/15

7

(h)    If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

(i)    The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

The defendant understands that by pleading guilty pursuant to this agreement, she is waiving all the rights set forth in this paragraph.   The defendant's attorney has explained these rights and the consequences of waiving these rights.

6.    **Recommendations**:   The parties stipulate and agree that for purposes of fraud loss calculation under the U.S. Sentencing Guidelines, and restitution, loss is fixed at $1,365,232. 18 U.S.C. § 3663(a)(3).

The United States recommends to the Court that the base offense level and gratuity guideline under USSG §2C1.2 be used in the calculation of the advisory

CER       BAM      EJL       Date

8

sentencing guidelines. The parties further stipulate and agree that for purposes of the special offense characteristic found at USSG §2C1.2(b)(2), which incorporates USSG §2B1.1, the value of the gratuity is limited to $1.2 million.

The United States agrees to recommend that any sentence imposed in this case be served concurrently with the sentence imposed in all other sentences imposed in *United States v. Neal Paul Rosette and Billi Anne Raining Bird Morsette*, CR-15-40-GF-BMM .

The United States and the defendant are free to make any other sentencing recommendation. The parties acknowledge that the recommendations of either party are not binding on the Court and failure to accept or follow any recommendation does not void the agreement or permit an automatic withdrawal from the agreement by either party.

7.    **Effect of Early Decision**:   If the defendant otherwise qualifies for a two level adjustment for acceptance of responsibility, and the advisory guideline offense level is 16 or higher, and the defendant files this agreement or a Motion to Change Plea by Monday, November 9, 2015, the United States will move the Court

CER    BAM    EJL    11/9/15
                              Date

9

at the time of sentencing to award the defendant an additional point for acceptance of responsibility pursuant to USSG §3E1.1(b).

8.     **Sentencing Guidelines**:  Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable. The parties acknowledge that the recommendations of either party as to the applicability of any guideline provision is not binding on the Court and failure to accept or follow any recommendation does not void the agreement or permit an automatic withdrawal from the agreement by either party.

9.     **Appeal Waivers**:

A.     ***Substantial Assistance Motion Waiver***:  The defendant acknowledges that 18 U.S.C. § 3742 affords her the right to appeal the sentence imposed in this case.   Under appropriate circumstances, the United States may move, but has not made any commitment as part of this agreement to move, for a downward departure from the guideline range pursuant to USSG §5K1.1 to reward the defendant for any substantial assistance provided before sentencing.   If such a motion is made and the Court accepts the plea agreement, the defendant hereby



CER          BAM          EJL          Date

10

waives all right to appeal any aspect of the sentence, including conditions of probation or supervised release, imposed by the Court.

If a motion for downward departure is made under USSG §5K1.1, the defendant also agrees to waive her right to collaterally attack the judgment or sentence pursuant to 28 U.S.C. § 2255.  This waiver does not prohibit her right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of her entry of guilty plea or alleging that she received ineffective assistance of counsel.

B.    **Alternative Waiver Provision—*If No Substantial Assistance Motion is Made, Conditional Waiver*:**  If no substantial assistance motion is made, the defendant agrees to a conditional waiver of appeal. The defendant acknowledges that 18 U.S.C. § 3742(a) affords her the right to appeal the sentence imposed in this case.   The prosecution has a comparable right of appeal provided in 18 U.S.C. §3742(b).   By this agreement, the defendant waives her right to appeal the reasonableness of the sentence, including conditions of probation or supervised release, if the defendant has no objection to the calculation of the guidelines and the sentence imposed is within or below the range provided for by that calculation.   The

CER       BAM       EJL        Date
                                11/9/15

11

United States waives its right to appeal the reasonableness of the sentence if it has no objection to the calculation of the guidelines, and the sentence imposed is within or above the range provided for by that calculation.

The defendant also waives her right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255.   This waiver does not prohibit her right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of her entry of guilty plea or alleging that she received ineffective assistance of counsel.

10.      **Special Provisions Regarding Tax Restitution**:

(a) The defendant and the United States agree that the defendant shall be liable for restitution to the Internal Revenue Service, in the final judgment, in the amount of $165,253, pursuant to 18 U.S.C. § 3663(a)(3), attributed to tax due and owing as follows:

CER      BAM      EJL      Date   11/9/15

12

| Tax Year(s) or Period(s) and Items | Amount to be Credited to Tax |
|---|---|
| 2010 | $8,120.00 |
| 2011 | $23,28100 |
| 2012 | $84,03800 |
| 2013 | $49,81400 |
| **Total** | **$165,253.00** |

(b)    The defendant agrees that she will sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of that portion of the tax and interest that she agrees to pay as restitution including IRS Form 8821, "Tax Information Authorization."

(c)    The defendant agrees not to file any claim for refund of taxes or interest represented by any amount of restitution paid pursuant to this agreement.

(d)    The parties understand that defendant will receive proper credit, consistent with paragraph (c) above, for the payments made pursuant to this agreement. Except as set forth in the previous sentence, nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from the defendant for the time periods covered by this agreement or any other time period.



CER        BAM        EJL        Date

13

(e)   Defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties owed to the IRS for the time periods covered by this agreement or any other time period.

(f)   Defendant understands that she is not entitled to credit with the IRS for any payment sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and until any payment is actually received by the Internal Revenue Service and identified by it as pertaining to her particular liability.

(g)   Defendant agrees that, unless the Director of the Administrative Office of the United States Courts directs her otherwise, all payments made pursuant to the court's restitution order are to be sent only to the Clerk of Court at the following address:

> U.S. Clerk of Court
> Missouri River Courthouse
> 125 Central Avenue West
> Great Falls, MT 59404

(h)   With each payment to the Clerk of the Court made pursuant to

CER   BAM   EJL   11/9/15
                        Date

14

the District Court's restitution order, defendant will provide the following

information:

- Defendant's name and Social Security number;
- The District Court docket number assigned to this case;
- Tax year(s) or period(s) for which restitution has been ordered; and
- A statement that the payment is being submitted pursuant to the District Court's restitution order.

Defendant agrees to include a request that the Clerk of the Court send the

information, along with defendant's payments, to the appropriate office of the

Internal Revenue Service.

     (i)    Defendant also agrees to send a notice of any payments made

pursuant to this agreement, including the information listed in the previous

paragraph, to the IRS at the following address:

> IRS – RACS
> Attn: Mail Stop 6261, Restitution
> 333 W. Pershing Avenue
> Kansas City, MO 64108

     (j)    Defendant understands that she is not entitled to credit with the

IRS for any payment sent to an incorrect address or accompanied by incomplete or

inaccurate information, unless and until any payment is actually received by the

CER    BAM    EJL    Date

15

Internal Revenue Service and identified by it as pertaining to his particular liability.

11.    **Voluntary Plea:**   The defendant and defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

12.    **Non Prosecution and Dismissal:**   Upon acceptance of this agreement by the Court, the United States Attorney for Montana shall cause Counts I, II, IX, X, and XII of the Indictment to be dismissed within 21 days of sentencing.   In addition, the United States will not pursue other charges against the defendant other than Count I the indictment in *United States v. Neal Paul Rosette and Billi Anne Raining Bird Morsette*, CR-15-61-GF-BMM, which is the subject of a separate but dependent agreement, arising out of financial transactions with the Chippewa Cree Tribe, or any agent, official, or employee of the Chippewa Cree Tribe, or any of its subsidiary organizations.

**Waiver of Speedy Trial:**   The defendant has agreed, unconditionally, to waive appeal if the government makes a substantial assistance motion pursuant to USSG §5K1.1 at the time of sentencing.   If such a motion is made by the government, and notwithstanding the agreement the defendant files a Notice of Appeal, the defendant expressly waives any and all objections under the Speedy

CER    BAM    EJL    Date

16

Trial Act for any delay caused by the defendant's breach of the plea agreement between the time of sentencing and the date set for trial of the remaining count or counts of the Indictment.

13.   **Detention/Release Pending Sentencing**:   Based upon her prior revocation of pretrial release, the United States will seek continued detention pending sentencing.   Defendant is free at any time to make application to the Court for release, pending sentencing, and the United States reserves the right to object or withhold objection to her motion.

14.   **Entire Agreement**: Any statements or representations made by the United States, the defendant, or her counsel prior to the full execution of this plea agreement are superseded by this plea agreement.   No promises or representations have been made by the United States except as set forth in writing in this plea agreement.   This plea agreement constitutes the entire agreement between the parties.   Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

//

//         THIS SPACE INTENTIONALLY LEFT BLANK

//

//

CER   BAM   EJL   Date

17

MICHAEL W. COTTER
United States Attorney

CARL E. ROSTAD
Assistant U. S. Attorney

BILLI ANNE RAINING BIRD
MORSETTE
Defendant

E. JUNE LORD
Defense Counsel

CER      BAM      EJL      Date  11/9/15